# Supreme Court of the Navajo Nation

### Gary Davis, Petitioner,
### v.
### Gloria Grant Means, Respondent.
### Decided October 15, 1990

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Richie Nez, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by BLUEHOUSE, Associate Justice.

The issue here is whether the appeal filed in this case should be dismissed because of the appellant's failure to file a brief as required by Rule 12 of the Navajo Rules of Civil Appellate Procedure. We grant the motion to dismiss the appeal.

## I

The final appealable decision was signed by the Honorable Robert Yazzie, sitting as family court judge, on June 6, 1990. The appellant, Gloria Grant Means, filed an appeal of the final judgment on July 6, 1990.

On August 7, 1990, the Supreme Court Clerk sent notices to appellant's counsel of record, Richie Nez, Esq., and appellee's counsel of record, John A. Chapela, Esq., notifying them that the lower court record had been filed with the Supreme Court. The notices further informed the attorneys to file their appeal briefs in accordance with Rule 12 of the Navajo Rules of Civil Appellate Procedure. The notices were sent to both attorneys by certified mail. The return receipts show that both attorneys received their notices on August 10, 1990.

On September 25, 1990, the appellee filed a motion with this Court seeking dismissal of the appeal because of the appellant's failure to file her Brief-In-Chief in accordance with NRCAP 12. No response in opposition to the motion was ever filed by the appellant. Neither did the appellant file a brief nor request an extension of time to file a brief at any time.

## II

An appellant has 30 days from the date the Supreme Court Clerk notifies the appellant of the filing of the lower court record to file a brief with the Supreme Court. NRCAP 12(a); *Kinney v. Navajo Nation*, 6 Nav. R. 126 (1989). If the notice to the appellant is sent by mail, an additional seven days is added to the 30 days. NRCAP 5(c); *Kinney, id.*; *Begay v. Begay*, 6 Nav. R. 120, 121 (1989). In this case, appellant, Gloria Grant Means, must have filed her Brief-In-Chief no later than September 13, 1990. The record shows that appellant did not file a brief at all.

Our rules provide that if an appellant does not file a timely brief, "the Supreme Court, upon appellee's motion, may dismiss the appeal." NRCAP 12(c). Rule 12 (c) was interpreted in *Kinney v. Navajo Nation*, 6 Nav. R. at 127-128, where we established the rule that if the appellee files a motion to dismiss the appeal before the appellant files a brief, the appeal will be summarily dismissed. In other words, the appeal shall be dismissed. In this case, no brief was ever filed by the appellant so a dismissal is proper.

Appellant had a remedy if the time for filing her brief became unmanageable. She could have requested an extension of time. This request for an extension must be made before expiration of the time provided for filing the brief. *Begay v. Begay*, 6 Nav. R. at 121. Appellant did not ask for an extension of time to file her brief in this case.

Judicial efficiency and economy, and the expectancy of the parties for a final decision, demand that litigants follow closely the rules on appellate proceedings. This Court cannot ensure speedy decisions on appeals if the litigants themselves fail to abide by the minimal standards of appellate practice. The appeal cannot move along when the appellant fails to file a brief. What we said in *Kinney v. Navajo Nation*, holds true for this case as well: "This Court views the failure to file a brief as a lack of good faith and an indication of the party's profound indifference to the final disposition of the case." 6 Nav. R. at 127 (citation omitted).

Accordingly, the appeal filed in this case is dismissed.